IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal No: 9:23-cr-00396-RMG |
| v. | **PLEA AGREEMENT** |
| **RICHARD ALEXANDER MURDAUGH** | |

### General Provisions

This PLEA AGREEMENT is made this 18th day of Sept, 2023, between the United States of America, as represented by United States Attorney Adair F. Boroughs and Assistant United States Attorneys Emily Limehouse, Kathleen Stoughton, and Winston Holliday, the Defendant, **RICHARD ALEXANDER MURDAUGH**, and Defendant's attorneys, Jim Griffin, Dick Harpootlian, and Phil Barber.

IN CONSIDERATION of the mutual promises made herein, the parties agree as follows:

1. The Defendant agrees to plead guilty to Counts 1 through 22 of the Indictment now pending, which charge Conspiracy to Commit Wire Fraud and Bank Fraud, in violation of 18 U.S.C. § 1349 (Count 1); Bank Fraud, in violation of 18 U.S.C. § 1344(2) (Count 2); Wire Fraud, in violation of 18 U.S.C. § 1343 (Counts 3 through 7); Conspiracy to Commit Wire Fraud, in violation of 18 U.S.C. § 1349 (Count 8); and Money Laundering, in violation of 18 U.S.C. § 1956(a)(1)(B)(i) (Counts 9 through 22).

In order to sustain its burden of proof, the Government is required to prove the following:

### Count 1 (Conspiracy to Commit Wire and Bank Fraud)

A. First, that from at least July 2011 and continuing until at least October 2021, in the District of South Carolina, the Defendant entered into a conspiracy, agreement, or understanding to commit an unlawful act, that is wire fraud and bank fraud;

B.  Second, that at some time during the existence or life of the conspiracy, agreement, or understanding, the Defendant knew the unlawful purpose of the agreement; and

C.  Third, that the Defendant joined in the agreement willfully with the intent to further the agreement for the unlawful purposes, here to commit wire fraud and bank fraud.

The penalty for this offense is:

A maximum term of imprisonment of thirty years, fine of $1,000,000, supervised release for five years, and special assessment of $100.

## Count 2 (Bank Fraud)

A.  First, that on or about September 13, 2013 and October 28 and 29, 2013, in the District of South Carolina, the Defendant knowingly executed or attempted to execute a scheme or artifice to obtain any of the moneys, funds, credits, assets, or other property owned by, or under the custody of, a financial institution by false or fraudulent pretenses, representations, or promises;

B.  Second, that the Defendant did so with the intent to defraud; and

C.  Third, that the financial institution was then federally insured.

The penalty for this offense is:

A maximum term of imprisonment of thirty years, fine of $1,000,000, supervised release for five years, and special assessment of $100.

## Counts 3 through 7 (Wire Fraud)

A.  First, that the Defendant devised or intended to devise a scheme to defraud or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises that were material;

B.  Second, that for the purpose of executing the scheme, the Defendant transmitted or caused to be transmitted by means of wire, radio, or television communication in interstate or foreign commerce any writings, signs, signals, pictures or sounds on the dates specified in the Information.

The penalty for this offense is:

For Counts 3 and 4, Wire Fraud Affecting a Financial Institution, a maximum term of imprisonment of thirty years, fine of $1,000,000, supervised release for five years, and special assessment of $100. For Counts 5 through 7, a maximum term of imprisonment of twenty years, fine of $250,000, supervised release for three years, and special assessment of $100.

## Count 8 (Conspiracy to Commit Wire Fraud)

A.  First, that from in or around February 2018 and continuing until at least October 2020, in the District of South Carolina, the Defendant entered into a conspiracy, agreement, or understanding to commit an unlawful act, that is wire fraud;

B.  Second, that at some time during the existence or life of the conspiracy, agreement, or understanding, the Defendant knew the unlawful purpose of the agreement; and

C.  Third, that the Defendant joined in the agreement willfully with the intent to further the agreement for the unlawful purpose, here to commit wire fraud.

The penalty for this offense is:

A maximum term of imprisonment of twenty years, fine of $250,000,000, supervised release for three years, and special assessment of $100.

## Counts 9 through 22 (Money Laundering)

A.  First, that on or about the dates specified in the Indictment, in the District of South Carolina, the Defendant conducted or attempted to conduct a financial transaction having at least a minimal effect on interstate commerce or involving the use of a financial institution which is engaged in, or the activities of which have at least a minimal effect on, interstate or foreign commerce;

B.  Second, that the property that was the subject of the transaction involved the proceeds of specified unlawful activity;

C.  Third, that the defendant knew that the property involved represented the proceeds of some form of unlawful activity; and

D.  Fourth, that the defendant knew that the transaction was designed in whole or in part, to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of the unlawful activity.

The penalty for this offense is:

A maximum term of imprisonment of twenty years, fine of $500,000 or twice the value of the property involved in the transaction, whichever is greater, supervised release for three years, and special assessment of $100.

2.  The Defendant understands and agrees that monetary penalties [i.e., special assessments, restitution, fines and other payments required under the sentence] imposed by the Court are due and payable immediately and subject to enforcement by the United States as civil

judgments, pursuant to 18 U.S.C. § 3613. In the event the Court imposes a schedule for payment of restitution, the Defendant also understands that payments made in accordance with installment schedules set by the Court are minimum payments only and do not preclude the Government from seeking to enforce the judgment against other assets of the Defendant at any time, as provided in 18 U.S.C. §§ 3612, 3613 and 3664(m). The Defendant further agrees to enter into the Bureau of Prisons Inmate Financial Repayment Program if sentenced to a term of incarceration with an unsatisfied monetary penalty. The Defendant further understands that any monetary penalty imposed is not dischargeable in bankruptcy.

    A.   Special Assessment: Pursuant to 18 U.S.C. § 3013, the Defendant must pay a special assessment of $100.00 for each felony count for which he is convicted. This special assessment must be paid at or before the time of the guilty plea hearing or during participation in the Bureau of Prisons Inmate Financial Repayment Program if this plea results in incarceration.

    B.   Restitution: The Defendant agrees to make full restitution under 18 U.S.C. § 3556 in an amount to be determined by the Court at the time of sentencing, which amount is not limited to the count(s) to which the Defendant pled guilty, but will include restitution to each and every identifiable victim who may have been harmed by his scheme or pattern of criminal activity, pursuant to 18 U.S.C. § 3663. The Defendant agrees to cooperate fully with the Government in identifying all victims. Upon demand, the Defendant shall submit a personal financial statement under oath and submit to interviews by the government and the U.S. Probation Office regarding the Defendant's capacity to satisfy any fines or restitution. The Defendant expressly authorizes the U.S. Attorney's Office to immediately obtain a credit report on the Defendant in order to evaluate the Defendant's ability to satisfy any financial obligation imposed by the Court. The Defendant understands that the Defendant has a continuing obligation to pay in full as soon as possible any financial obligation imposed by the Court.

    C.   Fines: The Defendant understands that the Court may impose a fine pursuant to 18 U.S.C. §§ 3571 and 3572.

3.   The Defendant understands that the obligations of the Government within the Plea Agreement are expressly contingent upon the Defendant's abiding by federal and state laws

and complying with any bond executed in this case. In the event that the Defendant fails to comply with any of the provisions of this Agreement, either express or implied, the Government will have the right, at its sole election, to void all of its obligations under this Agreement and the Defendant will not have any right to withdraw his/her plea of guilty to the offense(s) enumerated herein.

## Cooperation and Forfeiture

4. The Defendant agrees to be fully truthful and forthright with federal, state and local law enforcement agencies by providing full, complete and truthful information about all criminal activities about which he/she has knowledge. The Defendant must provide full, complete and truthful debriefings about these unlawful activities and must fully disclose and provide truthful information to the Government including any books, papers, or documents or any other items of evidentiary value to the investigation. The Defendant must also testify fully and truthfully before any grand juries and at any trials or other proceedings if called upon to do so by the Government, subject to prosecution for perjury for not testifying truthfully. The failure of the Defendant to be fully truthful and forthright at any stage will, at the sole election of the Government, cause the obligations of the Government within this Agreement to become null and void. Further, it is expressly agreed that if the obligations of the Government within this Agreement become null and void due to the lack of truthfulness on the part of the Defendant, the Defendant understands that:

    A.   the Defendant will not be permitted to withdraw his/her plea of guilty to the offenses described above;

    B.   all additional charges known to the Government may be filed in the appropriate district;

    C.   the Government will argue for a maximum sentence for the offense to which the Defendant has pleaded guilty; and

      D.    the Government will use any and all information and testimony provided by the Defendant pursuant to this Agreement, or any prior proffer agreements, in the prosecution of the Defendant of all charges.

5. The Defendant agrees to submit to such polygraph examinations as may be requested by the Government and agrees that any such examinations shall be performed by a polygraph examiner selected by the Government. Defendant further agrees that his/her refusal to take or his/her failure to pass any such polygraph examination to the Government's satisfaction will result, at the Government's sole discretion, in the obligations of the Government within the Agreement becoming null and void.

6. The Government agrees that any self-incriminating information provided by the Defendant as a result of the cooperation required by the terms of this Agreement, although available to the Court, will not be used against the Defendant in determining the Defendant's applicable guideline range for sentencing pursuant to the United States Sentencing Commission Guidelines. The provisions of this paragraph shall not be applied to restrict any such information:

      A.    known to the Government prior to the date of this Agreement;

      B.    concerning the existence of prior convictions and sentences;

      C.    in a prosecution for perjury or giving a false statement;

      D.    in the event the Defendant breaches any of the terms of the Plea Agreement; or

      E.    used to rebut any evidence or arguments offered by or on behalf of the Defendant (including arguments made or issues raised *sua sponte* by the District Court) at any stage of the criminal prosecution (including bail, trial, and sentencing).

7. Provided the Defendant cooperates and otherwise complies with all the conditions of this Plea Agreement, the Attorneys for the Government agree to recommend to the Court that

the sentence imposed on these charges be served concurrent to any state sentence imposed for the same conduct. The Defendant understands that this recommendation would be *in lieu of* a motion for downward departure pursuant to § 5K1.1 of the United States Sentencing Commission Guidelines.

8. The Defendant agrees to voluntarily surrender to, and not to contest the forfeiture of any and all assets and property, or portions thereof, which are subject to forfeiture pursuant to any provision of law, including but not limited to, property in the possession or control of the Defendant or Defendant's nominees. Specifically, the Defendant agrees to voluntarily surrender, and not contest the forfeiture of property identified in the Indictment, and any forfeiture Bill of Particulars:

   <u>Cash Proceeds/Forfeiture Judgment:</u>

   A sum of money equal to all proceeds the Defendant obtained, directly or indirectly, from the offense charged in this Indictment, that is, a minimum of approximately $9,000,000.00 in United States currency, and all interest and proceeds traceable thereto, and/or such sum that equals all property derived from or traceable to his violation of 18 U.S.C. §§ 1343, 1344, 1349, 1956.

   With regard to each and every asset listed in the Indictment or seized in a related investigation or administrative, state, or local action, the Defendant stipulates and agrees:

   The Defendant agrees and consents to the forfeiture of these assets pursuant to any federal criminal, civil judicial or administrative forfeiture action. The Defendant also hereby agrees to waive all constitutional, statutory and procedural challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture described herein constitutes an excessive fine, was not properly noticed in the charging instrument, addressed by the Court at the time of the guilty plea, announced at sentencing, or incorporated into the judgment.

   To its forfeiture herein, if necessary as substitute property under 21 U.S.C. § 853(p), as made applicable by 18 U.S.C. § 982(b)(1) or any other statute, or in a separate administrative or civil judicial proceeding.

That the Defendant has or had a possessory interest or other legal interest in each item or property.

To assist the United States in the recovery of all assets by (i) taking whatever steps are necessary or requested by the United States to pass clear title to the United States; (ii) preventing the disbursement of any moneys and sale of any property or assets; (iii) not encumbering or transferring any real estate after the Defendant's signing of this Plea Agreement; and (iv) directing all financial institutions to turn over and surrender to the United States all funds and records regarding accounts listed in any document signed by the Defendant pursuant to this plea agreement, as criminal proceeds or substitute property.

The Defendant waives all rights to notice of forfeiture under Rule 32.2 and of any other action or proceeding regarding such assets. The Defendant consents and waives all rights to compliance by the United States with any applicable deadlines under 18 U.S.C. § 983(a). Any related administrative claim filed by the Defendant is hereby withdrawn.

Pursuant to Rule 32.2(b)(4), the Defendant agrees that the preliminary order of forfeiture will satisfy the notice requirement and will be final as to the Defendant at the time it is entered. In the event the forfeiture is omitted from the judgment, the Defendant agrees that the forfeiture order may be incorporated into the written judgment at any time pursuant to Rule 36.

If the United States discovers that the Defendant has not fully disclosed all assets, the United States may seek forfeiture of any subsequently-discovered assets, and the Defendant agrees to the immediate forfeiture of any such assets.

The Defendant further agrees to make a full and complete disclosure of all assets over which Defendant exercises control and those which are held or controlled by nominees. The Defendant agrees that Federal Rule of Criminal Procedure 11 and § 1B1.8 of the United States Sentencing Commission Guidelines will not protect from forfeiture, assets disclosed by the Defendant as part of his/her cooperation. The Defendant further agrees to submit to a polygraph examination on the issue of assets if it is deemed necessary by the United States.

The Defendant agrees to waive any double jeopardy claims the Defendant may have as a result of a forfeiture proceeding against any of these properties as provided for by this Plea Agreement and agrees to waive any claims that the forfeiture described herein constitutes an excessive fine.

Forfeiture of the Defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the Defendant in addition to forfeiture. The United States may use the value of forfeited property for restitution, but is not required to do so.

## Merger and Other Provisions

9. The Defendant represents to the court that he/she has met with his/her attorney on a sufficient number of occasions and for a sufficient period of time to discuss the Defendant's case and receive advice; that the Defendant has been truthful with his/her attorney and related all information of which the Defendant is aware pertaining to the case; that the Defendant and his attorney have discussed possible defenses, if any, to the charges in the Information including the existence of any exculpatory or favorable evidence or witnesses, discussed the Defendant's right to a public trial by jury or by the Court, the right to the assistance of counsel throughout the proceedings, the right to call witnesses in the Defendant's behalf and compel their attendance at trial by subpoena, the right to confront and cross-examine the Government's witnesses, the Defendant's right to testify in his own behalf, or to remain silent and have no adverse inferences drawn from his/her silence; and that the Defendant, with the advice of counsel, has weighed the relative benefits of a trial by jury or by the Court versus a plea of guilty pursuant to this Agreement, and has entered this Agreement as a matter of the Defendant's free and voluntary choice, and not as a result of pressure or intimidation by any person.

10. The Defendant is aware that 18 U.S.C. § 3742 and 28 U.S.C. § 2255 afford every defendant certain rights to contest a conviction and/or sentence. Acknowledging those rights, the Defendant, in exchange for the concessions made by the Government in this Plea Agreement, waives the right to contest either the conviction or the sentence in any direct appeal or other post-conviction action, including any proceedings under 28 U.S.C. § 2255. This waiver does not apply to claims of ineffective assistance of counsel, prosecutorial misconduct, or future changes in the law that affect the Defendant's sentence. This

agreement does not affect the rights or obligations of the Government as set forth in 18 U.S.C. § 3742(b). Nor does it limit the Government in its comments in or responses to any post-sentencing matters.

11. The Defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

12. The parties hereby agree that this Plea Agreement contains the entire agreement of the parties; that this Agreement supersedes all prior promises, representations and statements of the parties; that this Agreement shall not be binding on any party until the Defendant tenders a plea of guilty to the court having jurisdiction over this matter; that this Agreement may be modified only in writing signed by all parties; and that any and all other promises, representations and statements, whether made prior to, contemporaneous with or after this Agreement, are null and void.

_____   _____
Date                        RICHARD ALEXANDER MURDAUGH,
                            Defendant

_____   _____
Date                        Jim Griffin, Esquire
                            Defense Attorney

                            ADAIR F. BOROUGHS
                            UNITED STATES ATTORNEY

9/18/23                     _____
Date                        Emily Evans Limehouse (Fed. ID. 12300)
                            Assistant United States Attorney