IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) CRIMINAL NO.: 9:23-cr-00396-RMG |
| | ) |
| v. | ) |
| | ) |
| RICHARD ALEXANDER MURDAUGH | ) |
| | ) |

**PRELIMINARY ORDER OF FORFEITURE AS TO**
**RICHARD ALEXANDER MURDAUGH**

This matter is before the Court on the motion of the United States for a Preliminary Order of Forfeiture as to Defendant Richard Alexander Murdaugh based upon the following:

1. On May 23, 2023, an Indictment was filed charging Murdaugh with:

    Count 1:    Conspiracy to commit wire fraud and bank fraud, in violation of 18 U.S.C. §§ 1343, 1344 and 1349;

    Count 2:    Bank fraud, in violation of 18 U.S.C. § 1344;

    Counts 3-7: Wire fraud, in violation of 18 U.S.C. § 1343;

    Count 8:    Conspiracy to commit wire fraud, in violation of 18 U.S.C. §§ 1343 and 1349; and,

    Counts 9-22: Money laundering, in violation of 18 U.S.C. § 1956.

2. Pursuant to Fed. R. Crim. P. 32.2(a), the Indictment contained a forfeiture allegation providing that upon Murdaugh's conviction, certain properties enumerated therein, or equivalent substitute assets, would be subject to forfeiture to the United States. Such assets include, but are not limited to the following:

(1) <u>Cash Proceeds/Forfeiture Judgment:</u>[1]

A sum of money equal to all proceeds the Defendant obtained, directly or indirectly, from the offenses charged in this Indictment, that is, a minimum of approximately $7,641,707.09 in United States currency, and all interest and proceeds traceable thereto, and/or such sum that equals all property derived from or traceable to his violations of 18 U.S.C. §§ 1343, 1344, and 1349.

(2) <u>Money Laundering/Forfeiture Judgment:</u>

A sum of money equal to all property involved in the money laundering offenses charged in this Indictment, and all interest and proceeds traceable thereto, for which the Defendant is liable as the result of his violations of 18 U.S.C. § 1956.

3. On September 21, 2023, Murdaugh pleaded guilty to Counts 1 through 22 of the Indictment and, pursuant to a written plea agreement, agreed to the entry of a forfeiture judgment.

4. Based upon Murdaugh's conviction, the Court has determined that the property described above is subject to forfeiture, pursuant to 18 U.S.C. §§ 981(a)(1)(A), 981(a)(1)(C), 982(a)(1), and 982(a)(2), and 28 U.S.C. § 2461(c).

5. Based upon Murdaugh's conviction, the Court has determined that the government has established the requisite nexus between the amount of proceeds and

---

[1] Per the written plea agreement, the government is pursuing a forfeiture judgment of at least $9,000,000.00 against Murdaugh.

the offenses for which Murdaugh has been convicted; therefore, the United States is entitled to a preliminary order of forfeiture, subject to the provisions of 21 U.S.C. § 853 governing third party rights.  The court has determined that the property described above is subject to forfeiture, pursuant to 18 U.S.C. §§ 981(a)(1)(A), 981(a)(1)(C), 982(a)(1), and 982(a)(2), and 28 U.S.C. § 2461(c).

Therefore, it is ORDERED that all property, real or personal, which constitutes, is traceable to, or is derived from proceeds traceable to the Defendant's violations of 18 U.S.C. §§ 1343, 1344, 1349, and 1956 are subject to forfeiture.

6.     The Court further finds that one or more of the conditions set forth in 21 U.S.C. § 853(p) exists.

7.     It is, therefore, ORDERED that the United States is entitled to forfeit substitute assets equal to the value of the proceeds obtained by Defendant Murdaugh as a result of his violations of 18 U.S.C. §§ 1343, 1344, 1349, and 1956, and that such substitute assets shall not exceed the value of the proceeds Defendant obtained.

Accordingly, it is hereby **ORDERED,**

1.     The below-described property, and all right, title, and interest of the Defendant, Richard Alexander Murdaugh, in and to such property, is hereby forfeited to the United States of America, for disposition in accordance with law, subject to the rights of third parties in such property under 21 U.S.C. § 853(n).

2.     FORFEITURE IS ORDERED against Murdaugh and in favor of the United States for $9,000,000.00 in United States currency, along with appropriate costs and interest thereon at the rate provided for in 28 U.S.C. § 1961. The United States may at

any time move pursuant to Rule 32.2(e) to amend this Order to substitute property to satisfy the forfeiture judgment.

3. The United States may seize, sell, or otherwise dispose of any substitute assets in accordance with law as required to satisfy the above imposed forfeiture judgment.

4. Upon the entry of this Order, the United States Attorney is authorized to conduct proper discovery in identifying, locating, or disposing of the described property, or other substitute assets, in accordance with Fed. R. Crim. P. 32.2(b)(3); and to commence proceedings that comply with statutes governing third party rights, if applicable.

5. The government is not required to publish notice regarding the personal forfeiture judgment against the Defendant; however, the Order shall be recorded in the records of the County Clerk's Office in the County of the debtor's residence, place of business, and any and all other counties in which the debtor has either real or personal property, as a lien thereon.

6. Upon entry of the criminal judgment, this Order becomes final as to the Defendant, and shall be made a part of the sentence and included in the criminal judgment.

7. The court shall retain jurisdiction to enforce this Order and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

8. The Clerk, United States District Court, shall provide one certified copy of this Order to the United States Attorney's Office.

AND IT IS SO ORDERED.

s/ Richard Mark Gergel
RICHARD M. GERGEL
UNITED STATES DISTRICT JUDGE

September 22, 2023
Charleston, South Carolina