IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | CRIMINAL NO. 9:23-396-RMG |
| | ) | |
| **vs.** | ) | |
| | ) | |
| | ) | |
| **RICHARD ALEXANDER MURDAUGH** | ) | |
| | ) | |

### Government's Motion to Seal Exhibits

The Government hereby moves to file exhibits to its motion to hold Murdaugh in breach of his plea agreement under seal, including the polygraph examination report and four FBI reports of Murdaugh's interviews. *See* Exhibits 1-5 to Gov't's Mot. The Court "may, in its discretion, seal documents if the public's right of access is outweighed by competing interests." *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000). Although the public has a common law right of access to judicial records, the right of access is qualified, and a judicial officer may deny access if sealing is "essential to preserve higher values" and "narrowly tailored to serve that interest." *Sun Co. v. Goetz*, 886 F.2d 60, 65–66 (4th Cir. 1989). Before sealing documents, the district court must "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object,[1] (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." *Ashcraft*, 218 F.3d at 302; *see also Doe v. Pub. Citizen*, 749 F.3d 246, 272 (4th Cir. 2014).

---

[1] The Defendant objects to the Government's request to seal the polygraph report. The Defendant's counsel requested an opportunity to review the 302s before taking a position on sealing the reports. At the time of filing, Defendant's counsel had not had the opportunity to do so.

The polygraph examination report and reports of interviews relate to an ongoing grand jury investigation, as well as allegations of criminal activity against others. The Government submits that sealing of the polygraph examination report and the reports of Murdaugh's interviews is necessary to protect the integrity of its investigation, prevent disclosure of an ongoing grand jury investigation, prevent the potential for tampering with evidence and witnesses related to the investigation, and protect the identities of witnesses, subjects, and targets of the ongoing investigation. *Media Gen. Operations, Inc. v. Buchanan*, 417 F.3d 424, 430–31 (4th Cir. 2005) (finding that a compelling interest was shown when, in preliminary stage of the investigation, there would be a potential negative impact if unproven criminal allegations were made public, possible negative impact on broader investigations, and presence of privacy interests). The Government further submits that less drastic alternatives, such as redacting the reports, will not sufficiently protect the interest in sealing. Moreover, because the Government's motion to hold Murdaugh in breach of his plea agreement and the motion to seal are filed on the public docket, the request is narrowly tailored.

The Government therefore requests that this Court grant its request to file the polygraph examination report and four reports of interviews under seal.


[SIGNATURE PAGE TO FOLLOW]

Respectfully submitted,

ADAIR F. BOROUGHS
UNITED STATES ATTORNEY

By: s/ *Emily Evans Limehouse*
Emily Evans Limehouse (Federal ID #12300)
Kathleen Michelle Stoughton (Federal ID #12161)
Winston D. Holliday, Jr. (Federal ID #7597)
Assistant United States Attorneys
151 Meeting Street, Suite 200
Charleston, South Carolina, 29402
(843) 266-1663
Emily.Limehouse@usdoj.gov

March 26, 2024