IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| UNITED STATES OF AMERICA | Criminal No.: 9:23-cr-0396-RMG |
|---|---|
| vs. | DEFENDANT'S RESPONSE IN OPPOSITION TO GOVERNMENT MOTION TO SEAL |
| RICHARD ALEXANDER MURDAUGH | |
| Defendant. | |

Defendant Richard Alexander Murdaugh, by and through undersigned counsel, hereby files his response in opposition to the government's motion (the "Motion") to seal certain exhibits cited in its motion to hold Defendant in breach of his plea agreement. [ECF No. 66]. The Court should deny the government's Motion because it does not comport with Local Criminal Rule 49.01, D.S.C. Additionally, the Court should deny the Motion because redaction is sufficient to protect the government's interest in keeping confidential the limited information contained in the documents that has not already been disclosed to the public. But most importantly, the Government accuses Murdaugh of breaching his plea agreement and Murdaugh denies the allegation. The public has a right to know the truth of the matter through judicial proceedings that are open and transparent, not closed and sealed. To allow the Government to publicly accuse Murdaugh of breaching his plea agreement while also allowing the Government to hide all purported evidence supporting that accusation from the public would violate the public's right to the truth.

1. <u>The Court should dismiss the Motion because of the government's failure to comply with Local Criminal Rule 49.01</u>.

At the outset, the Court should deny the government's Motion because it fails to comply with the local criminal rules of this Court. In South Carolina, a party moving to seal documents

1

must "explain (for each document or group of documents) why less drastic alternatives to sealing will not afford adequate protection." Local Crim. Rule 49.01(B)(1) (D.S.C.). Failure to comply with this mandate requires a "summary denial of any request or attempt to seal filed documents." *Id*.

Examination of the government's Motion illustrates its failure to satisfy the requirement of Rule 49.01 that it provide an explanation as to why less drastic alternatives, such as redaction of the polygraph and interviews, will not suffice. Rather the government provides a generic, conclusory statement that "less drastic alternatives, such as redacting the reports, will not sufficiently protect the interest in sealing." (Mot. at 2). Such statement is not explanatory, but rather a conclusory statement on an issue that is properly determined by this Court, not the government. Accordingly, the motion should be denied. *See, e.g., Hill Holiday Connors Cosmopulos, Inc. v. Greenfield*, No. CA 6:08-CV-03980-GRA, 2010 WL 890067, at *3 (D.S.C. Mar. 8, 2010) (discussing inadequacy of conclusory statements contained in motion to seal filed under local civil rule); *United States v. Morgan*, No. CRIMA 506CR-00164-02, 2008 WL 1913395, at *4 (S.D.W. Va. Apr. 28, 2008) (citing *United States v. Raybould,* 130 F.Supp.2d 829, 833 (N.D.Tex. 2000) (holding generic statement that document must be sealed "to protect the integrity and success of an ongoing investigation" did not satisfy the requirement that the government allege or make a showing of specific facts that would overcome the presumption in favor of public access.)

2. <u>The Court should deny the Motion because redaction is sufficient to protect the government's interest in keeping confidential the limited information contained in the documents that has not already been disclosed to the public</u>.

The Fourth Circuit has recognized the First Amendment right to access applies to documents filed in connection with plea hearings and sentencing hearings in a criminal case. *See*

*In re Washington Post Co.,* 807 F.2d 383, 390 (4th Cir. 1986). "When the First Amendment provides a right of access, a district court may restrict access [to judicial records] only on the basis of a compelling governmental interest, and only if the denial is narrowly tailored to serve that interest." *Va. Dep't of State Police v. Wash. Post,* 386 F.3d 567, 575 (4th Cir. 2004). "The burden to overcome a First Amendment right of access rests on the party seeking to restrict access, and that party must present specific reasons in support of its position." *United States v. Parker*, No. CRIM. 3:13-133-CMC, 2013 WL 5530269, at *1 (D.S.C. Oct. 7, 2013) (citing *Press-Enterprise Co. v. Superior Court,* 478 U.S. 1, 15, 106 S.Ct. 2735, 92 L.Ed.2d 1 (1986) ("The First Amendment right of access cannot be overcome by [a] conclusory assertion")).

Prior to sealing a document, a district court is required to "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000). In making this determination, some of the factors to be considered in determining whether to seal documents include "whether the records are sought for improper purposes, such as promoting public scandals or unfairly gaining a business advantage; whether release would enhance the public's understanding of an important historical event; and **whether the public has already had access to the information contained in the records**." *Madison Cap. Co., LLC v. Miller*, No. 2:08-CV-1563-RMG, 2010 WL 11534512, at *2 (D.S.C. Sept. 22, 2010) (quoting *In re Knight Publishing Co.,* 743 F.2d 231, 235 (4th Cir. 1984)) (emphasis added). If the Court grants a motion to seal, it "should state the reasons for its decision to seal supported by specific findings, and the reasons for rejecting alternatives to sealing in order to provide an adequate record for review." *In re Knight Pub. Co.,* 743 F.2d at 235.

In the present case, the government has not and cannot meet the requisite burden for sealing the polygraph and investigative reports being filed in connection with Mr. Murdaugh's sentencing. As discussed above, the government has not provided the Court with any specific reasons or factual support for its contention that sealing the polygraph and investigative reports is necessary. Nor does the government address why redaction would not protect the generic interests it seeks to protect. Such omission is telling and examination of the documents the government seeks to seal illustrates the majority of the information contained therein is already within the public domain.

For example, this Court conducted the criminal trial of Russell Lafitte which concluded on November 22, 2022. This trial was widely publicized. During the course of the trial, the government presented extensive evidence regarding Mr. Lafitte's financial dealings with Murdaugh. In addition, this Court accepted the guilty plea and sentenced Murdaugh's accomplice Corey Flemming. Once again, the proceedings involving Mr. Flemming were widely publicized. Lastly, although Murdaugh was tried for the murder of his wife and son, the State was permitted to present evidence over a two-week period concerning Murdaugh's financial misdeeds. This testimony was broadcast to millions of viewers around the world. It should come as no surprise that the government in this case would have interviewed Murdaugh about his involvement with Mr. Lafitte, Mr. Flemming, and others whose names were publicly disclosed in prior court proceedings. Furthermore, to the extent the documents contain information identifying a specific target of an investigation or cooperating witnesses, whose identities and involvement with Murdaugh have not been made public, such information can easily be redacted.

Finally, in the event Court grants the Motion, it will necessarily also have to seal the courtroom for the sentencing hearing, thereby denying Murdaugh his Sixth Amendment right to a public hearing, and the public's right to attend the proceeding. Defendant Murdaugh entered into

a plea agreement with the government that the government now seeks to void based on alleged conduct by Defendant Murdaugh that the government contends violates the plea agreement. [ECF No. 65]. In support of the motion to void the plea agreement, the government relies on the polygraph and four investigative reports of Defendant Murdaugh. Such documents will necessarily be discussed in depth and at length at Defendant Murdaugh's sentencing, and to prohibit the discussion of the same would necessarily impede Defendant Murdaugh's defense.

## CONCLUSION

Based on the foregoing, Defendant Murdaugh respectfully requests the government's motion to seal be denied.

Respectfully Submitted,

By: *s/ James M. Griffin*
James M. Griffin, Esq., Fed. ID No. 1053
Margaret N. Fox, Esq., Fed. ID No. 10576
GRIFFIN HUMPHRIES, LLC
4408 Forest Dr., Suite 300 (29206)
Post Office Box 999
Columbia, South Carolina, 29202
(803) 744-0800
jgriffin@griffinhumphries.com
mfox@griffinhumphries.com

Richard A. Harpootlian, Esq., Fed. ID No. 1730
Phillip D. Barber, Esq., Fed. ID No. 12816
RICHARD A. HARPOOTLIAN, P.A.
1410 Laurel Street (29201)
Post Office Box 1090
Columbia, South Carolina 29202
(803) 252-4848
rah@harpootlianlaw.com
pdb@harpootlianlaw.com

ATTORNEYS FOR DEFENDANT

Columbia, South Carolina
March 28, 2024